1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAKIA SMITH and CINDA WHEELER, individually, and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>TOY 'R' US-DELAWARE, INC., a Delaware Corporation, and DOES 1 through 100, inclusive,<br><br>    Defendants. | **CASE NO.: 1:13-CV-00254 AWI JLT**<br><br>**JOINT STIPULATION AND ORDER TO TEMPORARILY STAY THE ACTION PENDING THE ISSUANCE OF A CLASS CERTIFICATION RULING IN <u>ZIA HICKS V. TOYS 'R' US, INC. ET AL.</u>**<br><br>(Doc. 9) |

**TO THE HONORABLE COURT:**

PLEASE BE ADVISED that Plaintiffs NAKIA SMITH and CINDA WHEELER ("Plaintiffs") on behalf of themselves and the putative class they seek to represent, and Defendant TOYS 'R' US—DELAWARE, INC. ("Defendant") (collectively referred to as "the Parties"), by and through their respective attorneys of record, hereby respectfully submit this Stipulation and [Proposed] Order in support of their joint request to temporarily stay the instant action (the "<u>Smith</u> Action") pending the class certification ruling in the related putative class action in the United States District Court, Central District of California, entitled <u>Zia Hicks, individually, and on behalf of other members of the general public similarly situated, Plaintiff v. TOYS 'R' US, INC., a California corporation; TOYS 'R' US-DELAWARE, INC., a Delaware corporation; and DOES 1 through 10, inclusive, Defendants</u>, Case No. CV13-1302-DSF (JCGx) (the "<u>Hicks</u> Action"). The Parties stipulate to stay the Smith Action contingent upon certain conditions and based on the following as set forth below:

1. On January 23, 2013, Plaintiff ZIA HICKS ("Plaintiff Hicks"), a former non-exempt employee, filed a civil complaint against Defendant in the Superior Court of the State of California in and for the County of Los Angeles captioned <u>Zia Hicks v. Toys 'R' US, Inc., et al.</u>, Case No.: BC499602, which sets forth the following eight (8) causes of action: (1) Violation of California Labor Code ("CLC") §§ 510 and 1198 (Unpaid Overtime); (2) Violation of CLC §§ 1194, 1197 and 1197.1 (Unpaid Minimum Wages); (3) Violation of CLC §§ 226.7 and 512(a) (Unpaid Meal Period Premiums); (4) Violation of CLC § 226.7 (Unpaid Rest Period Premiums); (5) Violation of CLC § 204 (Wages Not Timely Paid During Employment); (6) Violation of CLC §§ 201 and 202 (Wages Not Timely Paid Upon Termination); (7) Violation of CLC § 226(a) (Non-Compliant Wage Statements); and (8) Violation of California Business & Professions Code §§ 17200, <u>et seq</u>. ("<u>Hicks</u> Action Complaint"). Plaintiff Hicks seeks damages for unpaid wages, penalties, injunctive relief, interest, and attorneys' fees. (<u>See</u> <u>Hicks</u> Action Complaint at 18:13-22:17.)

2. Hicks seeks relief on behalf of a putative class of current and former non-exempt employees which Hicks defines as "All persons who worked as a Sales Team Member, including the position of cashier, for Defendants in California within four years prior to the filing of this complaint until the date of certification ("Class")." (See Hicks Action Complaint at 3:8-10.)

3. On February 20, 2013, Plaintiffs Smith and Wheeler filed the instant action. The Smith Action sets forth the following claims: (1) Failure to Provide Meal Breaks (Cal. Lab. Code §§ 226.7(a), 512, IWC Wage Order No. 4); (2) Failure to Pay Wages Due at Separation of Employment (Cal. Lab. Code §§ 201-203); (3) Failure to Issue Accurate Itemized Wage Statements (Cal. Lab. Code §§ 226, 226.3); (4) Unfair Business Practices (Cal. Bus. & Prof. Code § 17200); and (5) Penalties Pursuant to the Labor Code Private Attorneys General Act of 2004 ("PAGA") (Cal. Lab. Code §§ 2699, et seq.) ("Smith Action Complaint"). (See Smith Action Complaint at p. 1.) In addition to PAGA penalties, the Smith Action Plaintiffs seek damages for unpaid wages, penalties, injunctive relief, interest, and attorneys' fees. (See Smith Action Complaint at 18:23-22:1.)

4. Plaintiffs Smith and Wheeler seek relief on behalf of a purported subsection of California non-exempt employees defined as:

> "All current and former non-exempt employees of Toys 'R' Us—Delaware, Inc. who were employed at retail locations in the State of California from February 20, 2013 through the conclusion of this action (the 'Class Period'), and who worked at least one shift as the only KEY HOLDER on the shift during the first five hours of the shift." (See Smith Action Complaint at 5:5-11.)

5. On February 21, 2013, Defendant removed the Hicks Action to the United States District Court, Central District of California ("Central District").

6. On March 15, 2013, the Parties in the Smith Action stipulated to extend Defendant's deadline to file its responsive pleading pursuant to Local Rule 144(a) to April 12, 2013.

7. The Smith and Hicks Actions allege similar wage and hour violations on behalf of overlapping putative classes.  Specifically, the Smith and Hicks Actions allege purported wage and hour violations, including failure to provide meal breaks in violation of California Labor Code §§ 226.7 and 512, failure to pay wages due at separation of employment in violation of California Labor Code §§ 201-203 and failure to comply with the itemized wage statement provisions of California Labor Code § 226.  Further, both actions allege unfair business practices in violation of California Business and Professions Code § 17200, et seq.

8. The Smith and Hicks Actions also overlap with respect to the putative classes that the Plaintiffs in each Action seek to represent.  Indeed, the Hicks Action seeks to represent all persons who worked as non-exempt Sales Team Members in the State of California, while Plaintiffs in the Smith Action seek to represent a subsection of non-exempt employees, specifically key holders, in the State of California.  Accordingly, the putative class and claims set forth in the Smith Action are necessarily encompassed by the Hicks Action.

9. Given the overlap between the Smith and Hicks Actions with respect to the claims and the putative classes sought to be represented, the Parties have agreed to a temporary stay of all proceedings in the Smith Action, including but not limited to pleadings, discovery and law and motion, future cut-off dates for filing pleadings, discovery motions, motions for class certification, motions for summary judgment or summary adjudication of issues and other similar law and motion proceedings, until a class certification ruling is issued in the Hicks Action.'

10. This stipulation is contingent upon the fact that Plaintiff Hicks' Motion for Class Certification is filed in accordance with Central District Local Rule 23-3, or within 90 days after the filing of the Hicks Action (*i.e.*, May 22, 2013) and heard consistent with the Central District's Local Rules.

11. In the event that the Court in the Hicks Action agrees to continue the filing date for plaintiff Hicks' motion for class certification beyond the timing set forth in

1  Central District Local Rule 23-3, this stipulation will be null and void and Defendant will
2  have fourteen days from the date of the Court ruling in Hicks regarding the timing for
3  filing a motion for class certification to file its Responsive Pleading in the Smith Action.
4
5  **IT IS SO STIPULATED.**
6
7  Dated: April ___, 2013                    JACKSON LEWIS LLP
8
9
10                                           By:_____
                                                Mia Farber
11                                              Adam Siegel
                                                Nancy Villarreal
12                                           Attorneys for Defendant
13                                           TOYS 'R' U—DELAWARE, INC.
14
15
16 Dated: April ___, 2013                    MICHAEL MALK, ESQ., APC
17
18                                           By:_____
19                                              Michael Malk
20
21 Dated: April ___, 2013                    ACKERMANN & TILAJEF, P.C.
22
23
24                                           By:_____
                                                Craig J. Ackermann, Esq.
25
26                                           Attorneys for Plaintiffs
27                                           NAKIA SMITH and CINDA WHEELER
28

# ORDER

Upon review of the Joint Stipulation entered into by and between the Parties in the above-referenced action, and good cause appearing therefore, the Court **ORDERS:**

1. The action is **STAYED** pending the issuance the order on the motion for class certification in <u>Zia Hicks v. Toys 'R' Us, Inc., et al.</u>, case number CV13-1302 DSF (JCGx) in the Central District of California provided that the motion for class certification is filed no later than May 22, 2013 and heard consistent with the Local Rules of the Central District;

2. In the event the <u>Hicks</u> court continues the deadline for the filing the motion for class certification, **within five court days** of the date the order continuing the <u>Hicks</u> class certification filing deadline is filed, the parties **SHALL** file a joint status report setting forth the status of the <u>Hicks</u> matter and their position(s) as to whether the stay should be lifted.  In the event all parties agree the stay should be lifted, Defendant **SHALL** file its responsive pleading **within 14 days** of the filing of the joint status report;

3. If the <u>Hicks</u> motion for class certification proceeds as described in paragraph 1, **within 14 days** of the date the <u>Hicks</u> court issues its ruling on the motion; the parties SHALL file a joint status report setting forth the current status of the <u>Hicks</u> matter and their positions as to the proper course for the instant matter, namely whether the stay should be lifted and/or whether it should be dismissed or transferred;

4. All pending dates are **VACATED**.


IT IS SO ORDERED.

Dated:   **April 12, 2013**              /s/ Jennifer L. Thurston
                                     UNITED STATES MAGISTRATE JUDGE