# IN THE UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAKIA SMITH and CINDA WHEELER, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>          v.<br><br>TOYS 'R' US-DELAWARE, INC.; and DOES 1 through 100, inclusive,<br><br>          Defendants.<br>_____/ | 1:13-cv-00254-AWI-JLT<br><br>**ORDER RE: MOTION TO DISMISS, TRANSFER OR STAY THE PROCEEDINGS**<br><br>(Doc. 14) |

## I. INTRODUCTION

Defendant Toys 'R' Us-Delaware, Inc. (hereinafter referred to as "Defendant") has filed a motion to dismiss, transfer or stay the proceedings in the alternative pursuant to the first-to-file rule. For reasons discussed below, the motion shall be denied.

## II. FACTS AND PROCEDURAL BACKGROUND

1

The Court refers the parties to previous orders for a complete chronology of the proceedings.  On February 20, 2013, plaintiffs Nakia Smith and Cinda Wheeler, individually and on behalf of all others similarly situated (hereinafter referred to as "Plaintiffs"), filed their class action complaint against Defendant and Does 1 through 100, inclusive, asserting causes of action for (1) failure to provide meal breaks in violation of California Labor Code sections 226.7(a) and 512 and IWC Wage Order No. 4; (2) failure to pay wages due at separation of employment in violation of California Labor Code sections 201-203; (3) failure to issue accurate itemized wage statements in violation of California Labor Code sections 226 and 226.3; (4) unfair business practices in violation of California Business and Professions Code section 17200; and (5) penalties pursuant to the Labor Code Private Attorneys General Act of 2004, Cal. Lab. Code, §§ 2699 et seq.  In the complaint, Plaintiffs alleged as follows:

> "At Defendants' retail locations during the Class Period, Defendants maintained a pattern and practice of regularly scheduling only one KEY HOLDER to work on each shift. Concurrently, Defendants maintained a policy which only permitted a KEY HOLDER to leave Defendants' premises for a meal break if there was another designated KEY HOLDER who was available to relieve that employee.  If, however, another KEY HOLDER was not available to relieve that employee, the Plaintiffs and Class Members who were non-exempt management employees were prevented from leaving Defendants' property and, therefore, were not relieved of all job duties to take a meal break."

Plaintiffs further alleged:

> "Defendants' scheduling practices are evidenced by Defendants' own scheduling and employment records.  On information and belief, the KEY HOLDER on-duty [sic] on any shift who was unable to leave the premises would clock-out [sic] while attempting to take a forced on-premises 'meal break,' all the while being available to other employees for key holder duties such as: responding to customer complaints, approving checks, handling employee or customer injuries; and addressing any other

2

> "emergencies that occurred during the course of a shift.   Most significantly, KEY HOLDERS were not permitted to leave the premises during their 'meal break' and, accordingly, they were never provided with Code-compliant meal breaks."

Plaintiffs further alleged:

> "Plaintiffs and Class Members were thus not provided with and were unable to take timely, off-duty meal periods, were not properly compensated by Defendants for missed, untimely and/or on-duty meal periods, and did not receive accurate itemized wage statements.   Furthermore, Plaintiff Wheeler and Class Members were not paid full compensation owed to them upon separation of employment because they never received their missed and on-duty meal break premium payments along with their final paychecks. [¶] Upon information and belief, Defendants' own records demonstrate that Defendants routinely and consistently failed to relieve Plaintiffs and Class Members of duties in order to take their timely meal period of no less than thirty minutes on or before the fifth hour of work, as required by California law."

On May 2, 2013, Defendant filed a motion to dismiss, transfer or stay the proceedings in the alternative pursuant to the first-to-file rule. Plaintiffs filed their opposition to Defendant's motion.  Defendants filed its reply to Plaintiffs' opposition on June 4, 2013.

### III. DISCUSSION

By way of introduction, Defendant contends this lawsuit (hereinafter referred to as "the Smith action") asserts wage-and-hour claims currently being litigated before the U.S. District Court for the Central District of California in a class action lawsuit brought against Defendant by Zia Hicks entitled *Hicks v. Toys 'R' Us, Inc.,* Central District case no. 13-cv-01302-DSJ-JCG (hereinafter referred to as "the Hicks action"), which was filed in California superior court on January 23, 2013 and removed to federal court on February 21, 2013.   The Smith action, according to Defendant, seeks to represent a subsection of non-exempt employees who, based on

3

the definitions of the putative classes, are encompassed within the Hicks action.  Because the Hicks action alleges substantially similar claims and encompasses the same putative class as the Smith Action, the argument goes, the Court should dismiss, transfer or stay the Smith action in the alternative pursuant to the first-to-file rule in order to avoid inconsistent judgments as to similar issues and parties, conserve judicial resources, and promote judicial efficiency.

"[T]he first to file rule [is] 'a generally recognized doctrine of federal comity' " under which " 'a district court [may] decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district.' " *Apple Inc. v. Psystar Corp.,* 658 F.3d 1150, 1161 (9th Cir. 2011) (quoting *Pacesetter Sys. Inc. v. Medtronic, Inc.,* 678 F.2d 93, 94-95 (9th Cir. 1982)).  "[W]hen two cases involving the same parties and issues are filed in two different federal districts, the first-to-file rule permits the second district court to exercise its discretion to transfer, stay or dismiss the second suit in the interests of efficiency and judicial economy." *AmerisourceBergen Corp. v. Roden,* 495 F.3d 1143, 1156 (9th Cir. 2007) (concurring opinion of Ferguson, J.) (citing *Cedars-Sinai Med. Ctr. v. Shalala,* 125 F.3d 765, 769 (9th Cir. 1997)).  The rule " 'is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration.' " *Apple Inc., supra,* 658 F.3d at 1161 (quoting *Pacesetter Sys. Inc., supra,* 678 F.2d at 95).

"The most basic aspect of the first-to-file rule is that it is discretionary; 'an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts.' " *Alltrade, Inc. v. Uniweld Products, Inc.,* 946 F.2d 622, 628 (9th Cir. 1991) (citing *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.,* 342 U.S. 180, 183-84, 72 S.Ct. 219, 96 L.Ed. 200 (1952)).  Having reviewed the pleadings of record and all competent and admissible evidence submitted, the Court declines to exercise such discretion because Defendant has failed

to show the parties in the Smith and Hicks actions are "substantially similar," *see Audio Entertainment Network, Inc., v. American Tel & Tel. Co.,* 205 F.3d 1350 (9th Cir. 1999) (unpublished),[1] let alone identical.  The defendants in the two actions clearly are.  The plaintiffs, however, are not.  Plaintiffs' proposed class consists of the following:

> "All current and former non-exempt employees of Toys 'R' Us-Delaware, Inc. who were employed at retail locations in the State of California from February 20, 2013 through the conclusion of this action . . . , and who worked at least one shift as the only KEY HOLDER on the shift during the first five hours of the shift."

The proposed class in the Hicks action, by contrast, consists of:

> "All persons who worked as a Sales Team Member, including the position of cashier, for Defendants in California within four years prior to the filing of this complaint until the date of certification[.]"

These classes potentially involve different plaintiffs who had different responsibilities and job functions while working for Defendant.  Although it is conceivable, as Defendant contends, that the class of "[a]ll current and former non-exempt employees" who worked as key holders is subsumed within the class of "[a]ll persons who worked as a Sales Team Member," that is not evident from the face of the pleadings.  Compare *Adoma v. University of Phoenix, Inc.,* 711 F.Supp.2d 1142, 1147-48 (E.D.Cal. 2010) ("[T]he proposed classes for the collective actions are substantially similar in that both classes seek to represent at least some of the same individuals").  Accordingly, Defendant's motion shall be denied.

---

[1] *Audio Entertainment Network, Inc.* held that "[t]he parties and issues do not need to be exactly identical" for a court to apply the first-to-file rule; "a federal court [may] defer[ ] to another federal court where the parties and issues are substantially similar."  205 F.3d 1350.

**IV. DISPOSITION**

Based on the foregoing, Defendant's motion to dismiss, transfer or stay the proceedings in the alternative is DENIED without prejudice.   Defendant may renew its motion after Plaintiffs' proposed class has been certified.

IT IS SO ORDERED.

Dated:   August 6, 2013     _____

                                          SENIOR  DISTRICT  JUDGE