Mia Farber (SBN 131467)
FarberM@jacksonlewis.com
Adam Siegel (SBN 38568)
SiegelA@jacksonlewis.com
Nancy Villarreal (SBN 273604)
Nancy.Villarreal@jacksonlewis.com
JACKSON LEWIS LLP
725 South Figueroa Street, Suite 2500
Los Angeles, California  90017-5408
Telephone:  (213) 689-0404
Facsimile:  (213) 689-0430

Attorneys for Defendant
TOYS 'R' US—DELAWARE, INC.

THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAKIA SMITH and CINDA WHEELER, individually, and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  vs.<br><br>TOY 'R' US-DELAWARE, INC., a Delaware Corporation, and DOES 1 through 100, inclusive,<br><br>    Defendants. | CASE NO.: 13-CV-00254 AWI  JLT<br><br>**JOINT STIPULATION AND PROTECTIVE ORDER RE: CONFIDENTIAL MEDIATION MATERIALS; ORDER THEREON**<br><br>**(Doc. 21)** |

Subject to the approval of this Court, the parties stipulate to the following protective order.

WHEREAS, Plaintiffs Nakia Smith and Cinda Wheeler ("Plaintiffs") and Defendant Toys 'R' Us—Delaware, Inc. ("Defendant") (collectively referred to as the "Parties") have entered into this Joint Stipulation and Protective Order Re: Confidential Mediation Materials ("Stipulation and Protective Order") in connection with the mediation scheduled for November 7, 2013 (the "Mediation Stipulation").  Pursuant to the Mediation Stipulation, any and all electronic information and data and documents exchanged by the Parties, some of which may constitute or contain confidential

personnel, business and proprietary information will be deemed confidential ("Confidential Mediation Material").

WHEREAS, the Parties desire to protect and preserve the confidential, private, proprietary and trade secret nature of all such Confidential Mediation Material; and

WHEREAS, the disclosure or production of any such Confidential Mediation Material by the means prescribed in this Stipulation and Protective Order shall not constitute a publication of any such information or a waiver of the confidentiality, right to privacy, privilege or trade secret protection that may otherwise apply; and

WHEREAS, it appears that good cause exists for the entry of a Protective Order setting forth procedures for, and rules governing, the production and use of such Confidential Mediation Material by the Parties.

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the Parties herein through their respective counsel of record, that a Protective Order may be entered in the following respects:

1. SCOPE

    a. This Protective Order shall be applicable to and limits the use or disclosure of the Confidential Mediation Material disclosed by the Parties pursuant to the Mediation Stipulation and shall apply in all respects to:

        i. The Confidential Mediation Material;

        ii. All information, electronic or otherwise, copies, extracts and complete or partial summaries prepared or derived from the Confidential Mediation Material; and

        iii. Portions of briefs, memoranda or any writing filed with or otherwise supplied to the Mediator, which include or refer to any such Confidential Mediation Material that has been designated as "Confidential".

    b. Defendant has asserted that the Confidential Mediation Material is privileged from discovery in this action under the attorney-client, work product, right to

privacy and/or other applicable privileges or objections. By this Stipulation and Protective Order, the Parties agree Defendant has not waived, and is not waiving, the protections of the attorney-client, work product, privacy and/or any other applicable privilege or objections. Likewise, Defendant agrees Plaintiffs are not waiving her objections or opposition to the assertion of the attorney-client, work product, privacy and/or other applicable privileges or objections asserted by Defendant. Rather, the Parties intend to preserve their respective positions on these issues, and have agreed to enter into this Stipulation and Protective Order solely to facilitate the production of the Confidential Mediation Material.

2. DESIGNATION AS "CONFIDENTIAL"

The Confidential Mediation Material is hereby designated "Confidential" pursuant to 28 USC § 652(d), and all other applicable statutes and local rules.

3. LIMITATIONS ON DISCLOSURE OF CONFIDENTIAL MEDIATION MATERIAL

a. No Confidential Mediation Material shall be disclosed by anyone receiving such Confidential Mediation Material to anyone other than those persons and Parties designated herein. Confidential Mediation Material shall not be used, either directly or indirectly, by anyone receiving any such Confidential Mediation Material for any purpose whatsoever other than the preparation and participation in such mediation.

b. The Confidential Mediation Material described by this Stipulation and Protective Order, and any summaries, copies, abstracts, or other documents derived in whole or in part from the Confidential Mediation Material, shall be used only for the purpose of the mediation of this action, and for no other purpose. No Party shall disclose such Confidential Mediation Material outside of the mediation of this litigation.

c. No Confidential Mediation Material shall be disclosed, disseminated or produced by any Party or person who has received such Confidential Mediation Material to any other person, except to the following:

    i. Attorneys of record for the Parties and their respective associates, paralegals, law clerks, secretaries, assistants and employees involved in the conduct of this mediation.  Confidential Mediation Material can be reviewed by or disclosed to the Plaintiffs and putative class members, but no copies thereof shall be made or provided to the Plaintiffs or putative class members.

    ii. Outside consultants retained by any Party for the purpose of preparing or assisting in the mediation of this litigation, and their respective clerks and employees involved in assisting them in the mediation of this litigation, to the extent deemed necessary by counsel.

    iii. Any person who was involved in the preparation of the document or who lawfully received or reviewed the document or to whom the Confidential Mediation Material has previously been made readily available other than by the one receiving such Confidential Mediation Material in connection with this litigation.

    iv. The mediator and the mediator's staff.

    v. Any other person with the prior written consent of the Party who has produced such Confidential Mediation Material, or pursuant to Court Order.

  d. The Parties shall be entitled to protect the identity of their consultants. Accordingly, if a Party reveals information to any person described in subparagraph 3(c)(ii) who the Party retains as a consultant, then the Party need only notify each other Party, within one week of execution and prior to actual production of the Confidential Mediation Material, that such individual has executed an Acknowledgment and Agreement (attached hereto as Exhibit A), but need not divulge the name of the individual executing the Acknowledgment and Agreement and need not serve a copy of the Acknowledgement and Agreement on any other Party at that time, but shall retain the Acknowledgement and Agreement executed by such consultant.

  e. The Parties and their respective attorneys, as defined above, consultants, and experts, will treat any and all information, copies, extracts and complete

or partial summaries of information, copies, extracts and complete or partial summaries of information derived from the Confidential Mediation Materials, as Confidential Mediation Materials pursuant to this Protective Order.

      f.    The substance or content of Confidential Mediation Material as well as all notes and memoranda relating thereto, shall not be disclosed to anyone other than as set forth above.

   4.    USE OF OWN DOCUMENTS BY PRODUCING PARTY

Nothing in this Protective Order shall limit the use by any Party, counsel or person of its own documents or information, even if such documents or information have been designated as Confidential Mediation Material.

   5.    APPLICATION TO COURT

      a.    This Protective Order shall not preclude or limit any Party's right to subsequently propound discovery which may include requests for production of documents or information that was previously exchanged as Confidential Mediation Material. The producing party preserves all objections to said discovery requests on any ground which would be otherwise available.

      b.    The Parties hereto, their counsel and all other persons who receive Confidential Mediation Material pursuant hereto, agree that any Party or other person injured by a violation of this Protective Order does not have an adequate remedy at law and that an injunction against such violation is an appropriate remedy.  In the event any person shall violate or threaten to violate any terms of this Protective Order, the Parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person.  In the event that aggrieved party shall do so, the respondent person subject to the provisions of this Protective Order shall not employ as a defense thereto the claim that the aggrieved party has an adequate remedy at law.  All persons subject to the terms of this Protective Order agree that the Court shall retain jurisdiction over it and them for the purpose of enforcing this Protective Order.  The remedies set forth in this subparagraph hereof are not exclusive to any other remedies that an aggrieved party may

elect to pursue.

6. AGREEMENT TO COOPERATE

This Protective Order is entered for the purpose of facilitating the exchange of Confidential Mediation Material between the Parties solely in connection with mediation of this action without involving the Court unnecessarily in the mediation process. Accordingly, the Parties hereto and their respective attorneys of record agree to cooperate, meet and confer in good faith to ensure that the purposes of this Protective Order are achieved and facilitated. The Parties agree that by signing this Stipulation and Protective Order it is binding upon them until the Court's approval of its terms. The parties further agree that this Stipulation and Protective Order will not be construed as a waiver of any position by Defendant that the Eastern District does not have jurisdiction over this matter or that Defendant in any way consents to the jurisdiction of the Eastern District. The Parties respective positions regarding the proper forum for this matter are expressly reserved.

7. NO ADMISSIONS

Neither entering into this Stipulation and Protective Order, nor receiving any documents or other information designated as "Confidential" shall be construed as an agreement or admission of any kind.

8. MODIFICATION – FURTHER AGREEMENT(S)

Nothing contained herein shall restrict the power of the Court to modify this Protective Order or any term hereof in the interest of justice or for good cause shown. Additionally, nothing contained herein shall preclude any Party or counsel from seeking modification of this Stipulation and Protective Order from the Court upon proper notice to all other Parties, nor shall it preclude any of the Parties from entering into other written agreements designed to protect Confidential Mediation Material.

9. SURVIVAL OF ORDER – RETURN OF DOCUMENTS

a. The provisions of this Protective Order shall continue in effect until otherwise ordered by the Court after notice and opportunity to be heard is afforded to the

Parties and their counsel in this action.  The final determination or settlement of this litigation shall not relieve any person or Party who has received Confidential Mediation Material or agreed to be bound by the terms of this Protective Order of the obligations provided hereunder.  The Court shall retain jurisdiction after such final determination or settlement to enforce and implement the provisions of this Protective Order.

        b.    Except as provided in subparagraph (c) herein below, upon entry of final termination of mediation, each Party or person subject to the terms of this Protective Order by reason of receipt of Confidential Mediation Material for any party shall either destroy documents and/or any electronic information, and/or return to the Party, from whom the information was received, all documents and things designated as containing Confidential Mediation Material and shall certify under penalty of perjury within fifteen (15) days of written request by the other party, the destruction or return of all Confidential Mediation Material in writing.  The return or destruction of such Confidential Mediation Material shall not relieve any Parties or persons from the obligations imposed by this Protective Order.

        c.    At the conclusion of this litigation, counsel for each Party may retain a record, including the following, irrespective of whether or not Confidential Information of another party or of a third party is included: its correspondence file of this case, its pleadings file (including all briefs, memoranda, affidavits, and all papers served by/upon the party represented), and any briefs and appendix on appeal and all legal research memoranda.

    10.    COUNTERPARTS

This Stipulation and Protective Order may be executed in counterparts and shall be deemed fully executed when both Parties has signed and transmitted a counterpart to the other.  Both counterparts taken together shall constitute a single agreement.  A facsimile signature shall have the some force and effect of an original signature.

    11.    ENFORCEABILITY

In the event the Parties do not submit this Stipulation and Protective Order to the

Court and/or the Court does not sign this Stipulation and Protective Order, the language agreed upon by the Parties herein shall remain in full force and effect.

**IT IS SO STIPULATED.**

Dated:  October 15, 2013                             JACKSON LEWIS LLP


By:   /s/ Mia Farber
      Mia Farber
      Adam Siegel
      Nancy Villarreal

Attorneys for Defendant

TOYS 'R' U—DELAWARE, INC.


Dated:  October 15, 2013                             MICHAEL MALK, ESQ., APC


By: /s/ Michael Malk
(as authorized on October 15, 2013)

      Michael Malk

# EXHIBIT A

## FORM OF CONSENT TO BE BOUND

I, _____, declare as follows:

1. I have been provided with a copy of the Joint Stipulation and Protective Order Re: Confidential Mediation Materials ("Joint Stipulation and Order") issued in the action *Nakia Smith, et al. v. Toys 'R' Us—Delaware, Inc.*, Case No. 13-CV-00254-AWI (JLTx), and have read and understand its terms.

2. I hereby consent to be bound by the terms of the Stipulation and Order. I further consent to the jurisdiction of the United States Eastern District Court of California for the purposes of any proceeding to enforce the terms of the Stipulation and Order or to punish the breach thereof.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed on _____, at _____.
                (date)                        (city and state)

## **PROTECTIVE ORDER**

Upon review of the Joint Stipulation entered into by and between the Parties in the above-referenced action, and good cause appearing therefore,

IT IS HEREBY ORDERED that the foregoing Joint Stipulation and Protective Order Re: Confidential Mediation Materials is hereby **GRANTED** and that the Parties and all persons are required to act in compliance therewith.

IT IS SO ORDERED.

Dated:   **October 17, 2013**          **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE