UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAKIA SMITH, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>TOYS 'R' US-DELAWARE, INC., at al.,<br><br>  Defendants. | ) Case No.: 1:13-cv-00254 AWI JLT<br>)<br>) ORDER GRANTING DEFENDANT'S MOTION<br>) TO STAY<br>)<br>) (Doc. 28)<br>)<br>)<br>) |

Defendant Toys 'R' Us seeks an order staying this action to await a determination whether this matter will be transferred to the Central District to allow for coordinated pretrial management of the consolidated matter entitled <u>Hicks v. Toys 'R' Us-Delaware, Inc.</u> Case No. CV-13-1302 DSF (JCGx)). Plaintiff opposes the stay and notes that Defendant's previous motion to stay this action, to dismiss it or to transfer the matter to the Central District was denied by this Court. Notably, this prior motion was denied because Defendant failed to show that the class identified in this action is a subset of that outlined in the <u>Hicks</u> matter. For the reasons set forth below, Defendant's motion for a stay is **GRANTED**.

**I.     Background and Procedural History**

Plaintiff filed this action a year ago alleging various Labor Code violations and seeking damages for a class of employees defined as follows:

> All current and former **non-exempt employees** of Toys 'R' Us-Delaware, Inc. who were employed at retail locations in the State of California from February 20, 2013 through

1

>the conclusion of this action (the "Class Period"), and who worked at least one shift as the only **KEY HOLDER** on the shift during the first five hours of the shift.

(Doc. 1 at 5, emphasis added)  Plaintiff clarified further that the class members are "non-exempt management" Key Holders.  (Doc. 1 at 2, 8-9)  Plaintiff asserts the violations claimed include the prevention of employees' ability "to take timely, off-duty meal periods when they were designated as the sole KEY HOLDER on-duty, were not properly compensated by Defendants for missed, untimely and/or on-duty meal periods, did not receive accurate itemized wage statements, and were not paid full compensation owed to them upon separation of employment."  (Doc. 1 at 4)

Notably, the Hicks matter also seeks damages for these Labor Code violations as well. (Doc. 28-2 at 12-14)  Hicks defines its class members as follows:

>All persons who worked as a Sales Team Member, including the position of cashier, for Defendants in California within four years prior to the filing of this complaint until the date of certification . . .

(Hicks v. Toys 'R' Us-Delaware, Inc. Case No. CV-13-1302 DSF (JCGx) at Doc. 40 at 6)  Hicks also sought a subclass as follows:

>All persons who worked as a Sales Team Member, including without limitation the position of cashier, for Defendants in California within one year prior to the filing of this complaint until the date of certification

Id. The Hicks plaintiffs include Zia Hicks who was a "non-exempt hourly Sales Team Member," and Anna Young who was a "non-exempt, hourly paid employee" who worked as a "Keyholder" "throughout her employment. Id. at 9-10.The first amended complaint in Hicks asserts that class members were required to work during meal periods or were denied meal periods and were not paid rest and meal period premiums during their employment or upon their discharge. Id. at 7.

In the Hicks matter, the motion to certify the class was filed on September 10, 2013 and is set to he heard on March 17, 2014.  (Doc. 28-2 at 4)  The motion seeks to certify the following class:

>All non-exempt Sales Team Members employed at Defendant's store locations in California at any time on or after January 23, 2009 until the date of certification.

(Hicks v. Toys 'R' Us-Delaware, Inc. Case No. CV-13-1302 DSF (JCGx) at Doc. 43-1 at 9)  The motion asserts that the named plaintiffs are "typical of the class" because "[l]ike the class members, Plaintiffs were non-exempt, Sales Team Members in Defendant's California stores during the relevant

time period." Id. at 25.  The Hicks plaintiffs claim also that they were not granted meal breaks as required by the applicable Wage Order and case authority and were not paid premiums when meal breaks were not permitted.  Id.

In support of their motion for class certification, the Hicks plaintiffs submitted the declaration of Robert Fountain, a statistician, who analyzed the data related to meal and rest breaks for "all non-exempt" employees and "all employees."  Hicks v. Toys 'R' Us-Delaware, Inc. Case No. CV-13-1302 DSF (JCGx) at Doc. 48-1 at 6-11)  Evidence opposing the motion for class certification includes a declaration from Phil Smith, the Regional Human Resources Manager, who asserts that all Defendants' employees are "Team Members."  Hicks v. Toys 'R' Us-Delaware, Inc. Case No. CV-13-1302 DSF (JCGx) at Doc. 52-1 at 11, 12)  Smith explains that Team Members may be exempt or non-exempt and may have additional titles such as "Store Manager," but regardless of the other, specific title an employee may have, all employees are captured in the broad genus, "Team Member."  Id. at 12.  Thus, Smith refers to the Hicks' named plaintiffs as "Team Members."  Id. at 12-13.

Notably, in denying Defendant's prior motion to dismiss, transfer or stay the action, issued on August 7, 2013, the Court found that Defendant failed to demonstrate that the classes in the Hicks matter and in this matter overlapped.  The Court held,

> These classes potentially involve different plaintiffs who had different responsibilities and job functions while working for Defendant. Although it is conceivable, as Defendant contends, that the class of "[a]ll current and former non-exempt employees" who worked as key holders is subsumed within the class of "[a]ll persons who worked as a Sales Team Member," that is not evident from the face of the pleadings. Compare *Adoma v. University of Phoenix, Inc.*, 711 F.Supp.2d 1142, 1147-48 (E.D.Cal. 2010) ("[T]he proposed classes for the collective actions are substantially similar in that both classes seek to represent at least some of the same individuals").

(Doc. 19 at 5)  In denying the motion, the Court instructed, "Defendant may renew its motion after Plaintiffs" proposed class has been certified."  Id. at 6.

Nevertheless, on December 13, 2013, Defendant filed a motion with the Multidistrict Litigation Panel to transfer this matter to the Central District.  (Doc. 92-106)  In support of this motion, Defendant

argues that the class sought to be certified in this case[1] is a subset of that sought to be certified in the Hicks matter and that the convenience of the parties and the need to avoid duplicative discovery and the risk of inconsistent judgments.

## II.      Legal Standards

The Supreme Court explained the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254-255 (1936).  To evaluate whether to stay an action, the Court must the weigh competing interests that will be affected by the grant or refusal to grant a stay.  *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).  Among these competing interests are: (1) the possible damage from the granting of a stay; (2) the hardship or inequity a party may suffer in being required to go forward; (3) the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay; (4) " the interests of the plaintiffs in proceeding expeditiously with this litigation;" and (5) "the convenience of the court in the management of its cases and the efficient use of judicial resources."  *Id.* (citing *Landis*, 229 U.S. at 254-55); *Fed Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 903 (9th Cir. 1989).

The party seeking a stay "bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255).  The Supreme Court explained, "If there is even a fair possibility that the stay . . . will work damage to some one else," the party seeking the stay "must make out a clear case of hardship or inequity." *Landis*, 299 U.S. at 255.  The decision whether to grant or deny a stay is committed to the Court's discretion.  *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

## III.     Discussion and Analysis

Defendant argues the motion to stay should be granted because this matter and the Hicks matter involve the same defendant, that this matter, "alleges a specific putative class that is a subset of the

---

[1] Notably, counsel fails to cite correctly to the case number in this case and, instead, report to the MDL that the case number is 13-CV-00254 AWI (JLTx).  Instead, the correct number is 1:13-cv-00254 AWI JLT.  Counsel is reminded that the Local Rules of the Central District of California **do not apply** in the Eastern District of California.

putative-class alleged in the Hicks Action" and because the same primary right is at issue which is the failure to provide timely meal breaks. (Doc. 28-1 at 2) Defendant contends that without the stay, it could be subject to duplicative discovery and could suffer inconsistent judicial determinations given that this matter is pending in a different judicial district than the Hicks matter.

Examination of the filings in this case and those in the Hicks matter, lead the Court to conclude that it is likely that non-exempt "Sales Team Members" describe the same employees as non-exempt "Team Members."[2]  Most persuasive of this point is the allegation that Hicks plaintiff, Anna Young, was a key holder throughout her employment and the statistical evidence presented by the Hicks plaintiffs which analyzed "all non-exempt" employees and "all employees."  Coupled with the declaration from Phil Smith, it appears that the class sought to be certified includes all non-exempt employees who work or worked in one of Defendant's retail stores.

Moreover, despite the delay which has plagued this case, the stay does not appear to work a prejudice on the Plaintiffs in this case.  There is no risk identified to the Court that evidence may be lost or that Plaintiffs will be burdened by a stay of this action.[3]  On the other hand, there is great likelihood that additional discovery would have to be conducted in this case related specifically to key holders without any clear assurance that it would be needed given that key holders seem to be included in the Hicks class definition.  Moreover, it is possible this Court would issue discovery orders that are inconsistent with those issued in the Hicks matter.

Even still, the Court does not excuse what seems to be a lack of diligence on Defendant's part in this case including the failure to file the motion with the MDL until very recently which will mean it is it will likely not be heard until late spring at the earliest. Notably, this is the approximate time within which the motion to certify the class in Hicks should be decided.  Though stays of an indefinite period of time, as is requested here, are disfavored (Yong v. INS, 208 F.3d 1116, 1119 (9th Cir. 2000); *see*

---

[2] Based upon this, the Court accepts Defendants implied concession that it will not take the position that Keyholders are not included in the class sought to be certified in Hicks and the grant of the stay is based upon this concession.  Assuming the Hicks' court determines a class should be certified, Defendants are strongly encouraged to seek a modification of the class definition to ensure that the putative class members in this case are included in Hicks.

[3] Interestingly, when the Court stayed this matter initially, it was based upon the stipulation of counsel that the class sought to be certified in this case "overlap[s]" with that in the Hicks matter. (Doc. 9 at 4)  Moreover, in their joint report discussing the propriety of a further stay despite that the filing of the motion to certify the class in the Hicks matter had been delayed, Plaintiffs asserted that the stay should remain in place. (Doc. 11 at 2)

*also* Dependable Highway Exp, Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066-67b (9th Cir. 2007)), considering all of the *CMAX, Inc.* factors, the Court will **GRANT** the stay to allow the MDL time to rule on the motion to transfer and/or allow the determination of the class certification motion in Hicks, whichever occurs earlier.

**IV.     Conclusion**

Based upon the foregoing, the Court **ORDERS**:

1.     The motion to stay (Doc. 28) is **GRANTED**;

2.     Within 90 days and every 30 days thereafter, counsel **SHALL** file a joint report setting forth the status of the motion to transfer filed with the MDL and the status of the class certification motion in the Hicks matter.  Within 14 days of an order issued by the MDL and within 14 days of the order issued on the class motion in the Hicks matter, counsel **SHALL** file a joint report setting forth the result of the motion and whether the stay should be lifted.

IT IS SO ORDERED.

Dated:     **January 28, 2014**                      **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE